30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ibrahim Ahmed DALIS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9507.
 United States Court of Appeals, Tenth Circuit.
 Aug. 2, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this pro se appeal, Appellant (Mr. Dalis) seeks review of a final order of the Board of Immigration Appeals affirming an immigration court decision that denied Mr. Dalis' motion to reopen a deportation order. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Dalis, a native of the Gaza Strip, was admitted to this country as a nonimmigrant student with authority to remain until November 1986. In September 1986, Mr. Dalis was convicted of a second degree aggravated felony of assaulting his then wife with a firearm and with intent to cause her physical harm. Mr. Dalis was sentenced to a combined period of seven to eighteen years imprisonment. It is this conviction that forms the basis for Mr. Dalis' deportation.
 
 
 4
 Mr. Dalis was found deportable in 1988 and was allowed approximately six weeks to submit an application for asylum and withholding of deportation. Mr. Dalis failed to submit such an application and was ordered deported in February 1989. Seventeen months later, in July 1990, Mr. Dalis noticed a pro se appeal and the Board of Immigration Appeals dismissed the appeal as untimely. In October 1990, Mr. Dalis filed a pro se motion asking the immigration court to reopen proceedings to enable him to submit an asylum application. The immigration court denied this motion in 1993, and it is this order Mr. Dalis now appeals.
 
 
 5
 The immigration judge grounded its decision denying Mr. Dalis the right to reopen upon two factors. First, the immigration judge found Mr. Dalis failed to show prima facie eligibility for the underlying relief. Indeed, INS regulations require a mandatory denial of applications for asylum or withholding of deportation if the applicant has been convicted of a particularly serious crime. See 8 C.F.R. 208.14(c)(1) and 208.16(c)(2)(ii) (1994). Second, the immigration judge found that Mr. Dalis failed to demonstrate any other reason for a favorable exercise of discretion in respect to his asylum application. The board affirmed this decision.
 
 
 6
 Mr. Dalis appeals this decision raising three issues: (1) "When affirming the decision of the Immigration Judge--denying Motion to Reopen, the BIA failed to articulate it's [sic] decision and failed to consider all factors, both favorable and unfavorable, upon which it denied the Motion to Reopen. Therefore the BIA abused it's [sic] own discretion"; (2) "The BIA decision lacked basis upon which it denied relief requested, namely, political asylum, for which Motion to Reopen was a mere mechanism"; and (3) "Denying Petitioner relief from deportation also means continuity of the Order of Supervision and the in limbo' status which is indefinate [sic] restraint on Petitioner's liberty. Said restraint is unconstitutional and in violation of the Equal Protection and Due Process Clause-Fourteenth Amendment of the U.S. Constitution."[2]
 
 
 7
 We review the denial of a motion to reopen for an abuse of discretion. INS v. Doherty, --- U.S. ----, 112 S.Ct. 719, 724-25 (1992); INS v. Abudu, 485 U.S. 94, 104-05 (1988). The record fails to support Mr. Dalis' contentions. The board specifically stated it agreed with the immigration judge's evaluation of the discretionary factors in this case and with his conclusion that these factors do not warrant granting Mr. Dalis' motion. The immigration judge's decision was thorough, accurate, and complete. Mr. Dalis has failed to persuade this court of any error by the Board of Immigration Appeals in denying his petition to reopen.
 
 
 8
 Nor is the authority to impose an Order of Supervision, pursuant to 8 U.S.C. 1252(d), unconstitutional. Cf. United States v. Witkovich, 353 U.S. 194, 202-03 (Clark, J., dissenting) (1957) (1252(d) read in conjunction with the legislative intent to expedite deportation is constitutional); Harisiades v. Shaughnessy, 342 U.S. 580, 586-87 (1952) ("Under our law, the alien in several respects stands on an equal footing with citizens, but in others has never been conceded legal parity with the citizen." Vulnerability to expulsion after long residence is one respect where an alien's rights are unequal.).
 
 
 9
 The decision of the Board of Immigration Appeals is AFFIRMED and this matter is REMANDED to the board for such action as may be appropriate.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Dalis' motion to file a supplemental brief is granted and his supplemental brief has been reviewed by this court